IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION
DONNY D. WHITUS,
Plaintiff,

v.

CIVIL ACTION NO. 9:26cv731

JURY DEMANDED
SELF FINANCIAL, INC., LEAD BANK,
EXPERIAN INFORMATION SOLUTIONS, INC.,
EQUIFAX INFORMATION SERVICES LLC, and
TRANSUNION LLC,
Defendants.

COMPLAINT

Plaintiff Donny D. Whitus files this Complaint against Defendants Self Financial, Inc., Lead Bank, Experian Information Solutions, Inc., Equifax Information Services LLC, and TransUnion LLC, and respectfully alleges as follows:

I. PARTIES

1. Plaintiff Donny D. Whitus is a natural person residing in Polk County, Texas.

2. Defendant Self Financial, Inc. is a corporation doing business in Texas and is a "furnisher" of information under the Fair Credit Reporting Act (FCRA).

3. Defendant Lead Bank is a financial institution doing business in Texas and is a "furnisher" of information under the FCRA.

4. Defendant Experian Information Solutions, Inc. is a consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f).

5. Defendant Equifax Information Services LLC is a consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f).

6. Defendant TransUnion LLC is a consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f).

## II. JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

8. Jurisdiction of this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this judicial district and division, and a substantial part of the events, acts, and omissions giving rise to these claims occurred in this district.

## III. FACTUAL ALLEGATIONS

9. Plaintiff brings this action to recover statutory, actual, and punitive damages arising from false, misleading, contradictory, and reckless credit reporting regarding an account furnished by Defendants Self Financial, Inc. and Lead Bank, and reported by Defendants Experian, Equifax, and TransUnion.

10. The account at issue was marketed as a credit-builder product offered by Defendants Self Financial, Inc. and Lead Bank. No lump-sum principal or loan funds were ever disbursed to Plaintiff.

11. As established in Exhibit A (attached hereto and incorporated herein by reference), Defendants Self Financial, Inc. and Lead Bank confirmed via written account verification that Plaintiff made a single $9.00 payment on May 3, 2022, that a $48.00 ACH payment failed on June 3, 2022, and that the account was officially terminated with a loan completion date of August 23, 2022.

12. This written account verificationl constitutes conclusive, unassailable proof of the underlying account record. Defendant Self Financial, Inc.'s own paper trail definitively establishes that no $539.00 payment history, no series of monthly payments, and no 30/60-day late marks ever existed or could legally exist.

13. This admission disposes of any factual dispute regarding the invalidity of the reported tradeline, proving that every contradictory entry published by Defendants was pure fiction.

14. Defendants Self Financial, Inc. and Lead Bank manufactured and reported a fictitious $539.00 total payment figure, reporting the account as "paid as agreed" for money Plaintiff never paid. This reporting is factually impossible and completely contradicts Defendants' own written account verification in Exhibit A showing Plaintiff only made a single $9 payment.

15. Reporting a manufactured $539.00 payment figure white simultaneously publishing contradictory 30-day late and 60 day late statuses for the exact same month and year creates an absurd, deceptive tradeline designed to obscure the true record and mislead anyone evaluating Plaintiff's credit fle

16. Despite the actual account history Defendants Self Financial, Inc. and Lead Bank furnished, and Defendants Expertan, Equifax, and Trans Union published, faise data Indicating that the account was "paid as agreed," that a series of monthly payments totaling $539.00 was made, and that contradictory delinquency statuses occurred

17. Defendants tradeline reporting contained severe internal contradictions and cross-agency discrepancies for the exact same underlying account

18. Experian reported the account as current/paid in May 2022 and June 2022, followed by a 30-day delinquency in July 2022, and closed in August 2022. See Exhibit B-1.

18. Equifax reported the account as current /paid in May 2022 and June 2022, but reported a 60-day delinquency in July 2022, and closed in August 2022. See Exhibit B-2

20. TransUnion reported Terms $0 per month for 12 months, O payments made for 12 months, payments received $539 and showing paid/closed paid as agreed while simultaneously reporting a Date Updated of August 23, 2022, Last Payment Date of August 23, 2022 and Date Closed August 23, 2022, See Exhibit B3

21. The reported entries are factually impossible. An account cannot simultaneously reflect paid-as-agreed status, 0 payments made for 12 months, a $0 payment amount, contradictory 30-day and 60-day late marks for the exact same billing cycle, and a payment date on the day of account closure when only a single $9 payment was ever made.

22. Plaintiff formally disputed the inaccurate, false, and contradictory reporting directly with Defendant Experian (Exhibit C-1). Plaintiff sent this dispute via certified mail, as proven by the official certified mail receipt (Exhibit C-3).

23. Despite receiving direct notice from Plaintiff, Defendant Experian refused to conduct a reasonable reinvestigation as mandated by 15 USC § 1681(a), falsely asserting in its written response (Exhibit C-2) that the dispute was submitted by an unauthorized third party

24. Exhibit C-3 conclusively proves that Experian received Plaintiff's direct verified dispute and that Experian's third-party claim is factually false. Experian manufactured

this false pretext to evade its statutory obligation to reinvestigate, deliberately ignoring Plaintiff's verified dispute and continuing to publish false, unverified tradeline data in reckless disregard of federal law.

25. Plaintiff formally disputed the reporting with Defendant Equifax (Exhibit D). In response (Exhibit E), Equifax verified and continued reporting false information, later making piecemeal tradeline modifications that failed to cure the fundamental falsity of the record.

26. Plaintiff formally disputed the reporting with Defendant TransUnion (Exhibit F). In response (Exhibit G), TransUnion verified and continued reporting the contradictory tradeline entries.

27. Upon receiving Plaintiff's disputes, Defendants Experian, Equifax, and TransUnion were required pursuant to 15 U.S.C. § 1681i(a)(2) to promptly notify furnishers Defendants Self Financial, Inc. and Lead Bank of the disputes and transmit all relevant information.

28. After receiving no adequate resolution from the Credit Reporting Agencies, Plaintiff sent direct written disputes and a 30-day notice of intent to sue directly to Defendants Self Financial, Inc. and Lead Bank, specifically warning Defendants in writing not to alter, recharacterize, or manipulate account history data.

29. Despite receiving statutory notice from the CRAs and express written notice directly from Plaintiff warning Defendants not to alter, recharacterize, or manipulate account history data, Defendants Self Financial, Inc. and Lead Bank failed to conduct a reasonable investigation under 15 U.S.C. § 1681s-2(b). Rather than deleting the invalid tradeline, Defendants acted in reckless disregard of federal law by post-dispute "scrubbing" the tradeline.

30. Specifically, Defendants suppressed and erased the historically inaccurate "60-day late" marker and erased the entire monthly payment grid on Plaintiff's Equifax report, as definitively established in Exhibit I (attached hereto and incorporated herein by reference). Defendants executed this selective erasure while maintaining the inaccurate "$539 paid as agreed" total and active tradeline status on Plaintiff's consumer reports.

31. This post-notice modification and selective suppression, as proven by Exhibit I, confirms that Defendants maintained actual internal knowledge of the reporting impossibilities, possessed the technical capability to delete the file, and deliberately engaged in defective cover-up tactics rather than conducting a proper investigation or deleting the invalid tradeline as required by 15 U.S.C. § 1681i and § 1681s-2(b).

32. As a direct result of Defendants' actions and omissions, false and internally contradictory tradeline data remained on Plaintiff's consumer reports for multiple years, severely depressing Plaintiff's credit score, impairing his creditworthiness, undermining years of diligent credit-rebuilding efforts, and serving as a substantial factor in an explicit auto credit denial from Capital One (Exhibit H).

33. As a retiree relying on limited monthly Social Security income, Plaintiff has been deprived of the ability to obtain affordable auto financing, leaving him without reliable vehicle transportation.

34. Plaintiff has suffered concrete financial injury, loss of financial opportunity, credit harm, wasted time, frustration, confusion, and emotional distress.

IV. CAUSES OF ACTION

COUNT I
VIOLATIONS OF 15 U.S.C. § 1681i
(Against Defendants Experian, Equifax, and TransUnion)

35. Plaintiff incorporates all preceding paragraphs.

36. Defendants Experian, Equifax, and TransUnion failed to conduct a reasonable reinvestigation of disputed credit information as required by 15 U.S.C. § 1681i(a).

37. These Defendants failed to review all relevant information, failed to delete inaccurate and contradictory data, and rubber-stamped false tradelines.

38. Defendants' actions were negligent under 15 U.S.C. § 1681o and/or willful under 15 U.S.C. § 1681n.

COUNT II
VIOLATIONS OF 15 U.S.C. § 1681e(b)
(Against Defendants Experian, Equifax, and TransUnion)

39. Plaintiff incorporates all preceding paragraphs.

40. Defendants Experian, Equifax, and TransUnion failed to follow reasonable procedures to assure maximum possible accuracy of the information reported in Plaintiff's credit files, in violation of 15 U.S.C. § 1681e(b).

41. Defendants published internal tradeline contradictions (such as reporting 30-day late and 60-day late marks for the exact same billing cycle across bureaus, and

reporting $0 payments alongside payment dates) that reasonable checking procedures would have caught immediately.

42. Defendants' actions were negligent under § 1681o and/or willful under § 1681n.

COUNT III
VIOLATIONS OF 15 U.S.C. § 1681s-2(b)
(Against Defendants Self Financial, Inc. and Lead Bank)

43. Plaintiff incorporates all preceding paragraphs.

44. Defendants Self Financial, Inc. and Lead Bank failed to review their own internal records (Exhibit A), failed to report accurate results, and continued to re-verify false and contradictory data in reckless disregard of federal law.

45. Defendants' violations were negligent under § 1681o and/or willful under § 1681n.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendants, jointly and severally, and award:

a. Actual damages according to proof at trial pursuant to 15 U.S.C. §§ 1681n and 1681o;
b. Statutory damages of up to $1,000 per willful violation per Defendant pursuant to 15 U.S.C. § 1681n;
c. Punitive damages against each Defendant for willful non-compliance pursuant to 15 U.S.C. § 1681n;
d. Costs of court;
e. An order compelling complete, permanent deletion of the disputed tradeline from all consumer reporting files;
f. Such other and further relief as the Court deems just and proper.

## VI. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Donny D. Whitus, Plaintiff Pro Se 09-04-2026

155 E. Yaupon Oak
Onalaska, Texas 77360
Phone: (936) 252-6626
Email: whitusdw@gmail.com

SHIPPING DEPARTMENT
154 H PICKENS RD
ONALASKA TX 77360

1 LBS
DWT: 12,9,2

1 OF 1

SHIP TO:
EASTERN DISTRICT OF TEXAS-LUFKIN DI
9362526626
CLERK OF COUNTY
104 N 3RD ST
LUFKIN TX 75901-3078

TX 759 0-01

UPS GROUND
TRACKING #: 1Z 1B2 133 03 2076 1075

BILLING: 3RD PARTY

XOL 26.09.05 NV45 37.0A 09/2026*

CLERK, U.S. DISTRICT COURT
RECEIVED
SEP 10 2026
EASTERN DISTRICT OF TEXAS
LUFKIN, TEXAS

12C – 1245
S.DOGHSE
1076
CLERK OF COUNTY
104 N 3RD ST
LUFKIN TX 75901